**IN THE UNITED STATES BANKRUPTCY COURT FOR**

**THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re: Franklin A. Bennett III                           Chapter 13

                                                         Case No. Case No. 16-14281

**MEMORANDUM**

Franklin A. Bennett III now files his memorandum in support of his motions with the Court.

**RELEVANT FACTS:**

On 6/14/16 Debtor purchased a property 516 Brookview Road, Exton, PA 19341 from Lawanda Jennings prior to filing chapter 13 bankruptcy that day.

Bankruptcy court entered the following deadlines: for filing claims: 11/22/2016 and for filing claims (govt.): 12/11/2016

On 12/7/16, Debtor filed on behalf of creditor under Rule 3004 incorrectly naming a subsidiary of Creditor. Specifically debtor named CitiMortgage, Inc. instead of Citibank, N.A.. CitiMortgage, Inc. is a subsidiary of Citibank, N.A.. Citibank, N.A. is a division of Citigroup Inc.. All of the above use and operate under the symbol: citi

Further Citibank, N.A.'s website is Citibank.com shares information about and directs viewers to CitiMortgage, Inc. and CitiMortgage, Inc. shares information about and directs viewers to Citibank, N.A. this relationship and redirection created confusion with whom to name in a the proof of claim.

The plan was confirmed on 03/21/2017 and provided for creditor but incorrectly named subsidiary.

The property was worth $10,000.00 at the time of filing and since then Debtor has began to build a property on the land. Creditor knew of the improvements and seeks a windfall.

**A. DEBTOR SEEKS TO AMEND THE TIMELY FILED PROOF OF CLAIM NAME CITIMORTGAGE INC. TO CITIBANK, N.A.**

## I. THE MISNOMER PRINCIPLE

The court in ROBERTS v. MICHAELS, 219 F.3d 775 (2000) highlighted the misnomer principle stating: "The misnomer principle is most obviously appropriate in cases where the plaintiff has sued a corporation but misnamed it.  Fischer was such a case, as were Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 223-25 (4th Cir.1999), and Grandey v. Pacific Indem. Co., 217 F.2d 27, 28-29 (5th Cir.1954).   But the principle has been applied more broadly, for example, to complaints that named a corporation instead of a partnership, a parent corporation instead of a subsidiary, a building instead of its corporate owner, and a corporation in liquidation instead of its successor. See Datskow v. Teledyne, Inc., 899 F.2d 1298, 1301-02 (2d Cir.) (parent-subsidiary), cert. denied, 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990);  Montalvo v. Tower Life Bldg., 426 F.2d 1135, 1146-47 (5th Cir.1970) (building-corporate owner);  Travelers Indem. Co. v. United States ex rel. Construction Specialties Co., 382 F.2d 103 (10th Cir.1967) (parent-subsidiary);  Shoap v. Kiwi S.A., 149 F.R.D. 509 (M.D.Pa.1993) (successor corporation);  Dunham v. Innerst, 50 F.R.D. 372 (M.D.Pa.1970) (corporation-partnership);  Adams v. Beland Realty Corp., 187 F.Supp. 680 (E.D.N.Y.1960) (same).

Combined the cases stand for the proposition that if a party makes a mistake in naming the correct party and instead names its subsidiary then the Court must allow the amendment.

## II. AMENDING A <u>TIMELY</u>-FILED PROOF OF CLAIM- STANDARD OF REVIEW- 2 PRONG TEST

The decision to grant or deny an amendment to a timely-filed proof of claim rests with the sound discretion of the bankruptcy judge. In re Enron Corp., 328 B.R. 75, 86 (Bankr. S.D.N.Y. 2005). The bankruptcy court make certain that the amendment is an amendment and not a new claim. United States v. Kolstad (In re Kolstad), 928 F.2d 171, 173 (5th Cir. 1991).

The Court set forth a two prong test in the case of In re Enron Corp:

### i. First Prong- (Was there a timely assertion of claim?)

"When deciding whether to permit an amendment to a proof of claim, a bankruptcy court is guided by a two-prong test. Integrated Resources, Inc. v. Ameritrust Co. N.A. (In re Integrated Resources, Inc.), 157 B.R. 66, 70 (S.D.N.Y.1993) (citing In re Black & Geddes, Inc., 58 B.R. 547, 553 (S.D.N.Y.1983)). "

A court must `first look to whether there was timely assertion of a similar claim or demand evidencing an intention to hold the estate liable.'" Id. (quoting Black & Geddes, 58 B.R. at 553)."

In this case, it is undisputed that debtor filed timely under Rule 3004 citing the property in question and creditor's claimed security interest in the property by way of the mortgage and debtors intent to cram down the mortgage/secured claim to the value of the of the property which is $10,000.00. The first prong is easily satisfied.

### ii. Second Prong- (If timely is the amendment equitable? (4factor analysis)

The Court further states the second prong: "If there were such a timely assertion, the court then examines each fact within the case and determines whether it would be equitable to allow the amendment. Id. In balancing the equities, the court considers the following equitable factors:

**(1) undue prejudice to opposing party;**

In this case, Creditor's subsidiary received all notices of the bankruptcy and proofs of claim. Further, Creditor has known at minimum since April 2017 by way of correspondence between debtor and Creditors attorney.

No prejudice exists for Creditor. Creditor would be in the same position as if the proof of claim (POC) was filed properly. They can amend the POC or the object to the POC or object to the plan. They can seek leave of court for any number of factors. Creditor looses nothing. In fact Debtor would stipulate to allow Creditor to amend or object or take whatever procedural measures necessary to get to the core of the issue allowing the parties due process so they can have a hearing on the claim and valuation of the claim.

**(2)    bad faith or dilatory behavior on part of the claimant;**

Creditor's subsidiary received all notices of the bankruptcy and proofs of claim and chose to do nothing. Creditors claim had little value as they sold to a 3rd party for $25,000.00 with $10,000.00 in municipal liens. Creditor's actions of knowing and allowing Debtor to build on the land having actual knowledge, at least since April 2017, when debtor and Creditors attorney corresponded are in bad faith and as a whole dilatory.

Debtor believed he named the proper party because of Creditors website and the redirection.

**(3)    whether other creditors would receive a windfall were the amendment not allowed;**

Debtor has begun to build a house on the land that remained. Debtors improvements have added value and security to the otherwise worthless property. Recall, Creditor sold the property to a 3rd party for $25,000.00 with municipal liens in excess of $10,000.00. Creditors would receive a huge windfall is the amendment is not allowed.

**(4)    whether other claimants might be harmed or prejudiced; and**

In this case the Plain is full payment plan and therefore no other creditors will be harmed.

**(5) the justification for the inability to file the amended claim at the time the original claim was filed.**

In this case debtor believed he named the correct party but named a subsidiary as the result of the Creditors website and redirection and Creditors failure to notify.

> Integrated Resources, 157 B.R. at 70 (quoting McLean Industries, 121 B.R. at 708); see also In re Miss Glamour Coat Co., Inc., 1980 U.S. Dist. LEXIS 14545, at *12-13, 1980 WL 1668, at *4-5 (S.D.N.Y.1980) (formulating similar equitable factors for considering in applying the two-prong test in permitting an amendment to a proof of claim)."

Combined Debtor has met the second prong of the analysis and must be allowed to amend.

**B. DEBTOR SEEKS TO FILE AN <u>UNTIMELY</u> PROOF OF CLAIM NAMEING THE CORRECT CREDITOR CITIBANK, N.A. ( 9006b and Excusable Neglect- 4 factor test)**

The court in IN RE NORTEL NETWORKS INC. 573 B.R. 522 (2017) gives this Court everything it needs to understand the law in allowing an untimely filed proof of claim. The Court states:

"The decision to grant or deny an amendment to a timely-filed proof of claim rests with the sound discretion of the bankruptcy judge. In re Enron Corp., 328 B.R. 75, 86 (Bankr. S.D.N.Y. 2005). It is vital that the bankruptcy court make certain that the amendment is an amendment and not a new claim. Id.

The test for "lateness" and late filing of a claim emanates from Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In Pioneer, the Supreme Court set the limits of the "somewhat elastic concept" of excusable neglect. Id. at 392, 113 S.Ct. 1489. The Supreme Court balanced "neglect" and "excusable neglect." The Supreme Court stated with respect to "neglect" that "reading Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word `neglect' and would be at odds with the accepted meaning of that word in analogous contexts." Id. at 394-95, 113 S.Ct. 1489. The Supreme Court did, however, observe that requiring the "neglect" to be "reasonable" would "deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1)." Id. at 395, 113 S.Ct. 1489. In finding what is "excusable neglect," the Supreme Court "conclude[d] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission...." The circumstances for a court to consider include "the danger of prejudice to the debtor, the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395, 113 S.Ct. 1489.

In its review of cases, the Court is left to understand that courts take a "hard line" when applying the Pioneer test. In Midland Cogeneration Venture Limited Partnership v. Enron Corp. (In re Enron Corp.), 419 F.3d 115 (2d Cir. 2005), the Second Circuit Court of Appeals affirmed the bankruptcy and district courts' denial of an effort to amend a proof of claim. The court stated that: "As we observed ... other courts have, for the most part, adopted a similar `hard line' to applying

Pioneer that emphasizes the reason for the delay." Id. at 123. The Enron court noted that each of the four Pioneer factors do not carry equal weight and that the excuse for a late filing is most important. Id. The Enron court thereupon cited numerous cases from other circuit courts firmly applying the excusable neglect factors. Id. at 123-24. See also Hefta v. Official Committee of Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3d 127, 134 (3d Cir. 2005) (there was no excusable neglect because delay was avoidable and within claimant's control); In re Lehman Brothers Holdings Inc., 433 B.R. 113, 127 (Bankr. S.D.N.Y. 2010) (movants' reasons for their late filing "demonstrate a lack of care or thoughtful attention to the preparationand filing of their proofs of claim."); and In re J.S. II, L.L.C., 389 B.R. 563, 569 (Bankr. N.D.Ill. 2008) (no excusable neglect in belated amendment of claim which did not arise from the conduct, transaction or occurrence set out in the original claim). SNMP's neglect in not naming SNMPR in the Original Claim was certainly not excusable. SNMP made a conscious, deliberate decision that they would not name SNMPR as a claimant. The decision "was within the reasonable control of the movant." Pioneer, 507 U.S. at 395, 113 S.Ct. 1489. Then, waiting seven years to seek to add SNMPR by amendment is very much inexcusable."

This leaves, of course, the Rule's requirement that the party's neglect of the bar date be "excusable." It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1). With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we

conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.13 These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. See 943 F. 2d, at 677.14"

**The Factors favor Debtor:**

   **1) the danger of prejudice to the debtor**

      In this case Debtor will be bared from presenting evidence of to cram down the security instrument and creditor will receive all the benefits of Debtors improvements.

   **2) the length of the delay and its potential impact on judicial proceedings,**

      In this case, debtor acted as soon has he realized the mistake the proceedings will not be impacted as if the POC was filed correctly the work that results from the proceedings will be the same.

   **3) the reason for the delay, including whether it was within the reasonable control of the movant,**

      In this case, Debtor researched who to send the notices to and was redirected by Creditor Citibank N.A.to CitiMortgage, Inc. Debtor did not want to make a misstate that is why reasonable efforts were made in researching Creditor.

   **4) and whether the movant acted in good faith.**

In this case, Debtor acted in good faith in timely filing under the rules and filed under the good faith belief that he was naming the correct party but instead named the

incorrect subsidiary as the result of the redirection of the Creditors website. Again, Creditor and subsidiary act in unison when sharing and promoting and redirecting parties and this along with receiving notices of Debtors bankruptcy and proof of claims along with actual notices of the proceedings and the building on the property at lease since April 2017 when Debtor and Creditors attorney corresponded. Debtor attached the website to prior court pleadings and incorporates by reference. Creditors claims that the right hand doesn't know what the left hand is doing when they are passing information and directing people to each other is not credible.

Bottom line, Debtor made an honest mistake that could happen and probably has happened to many people.

### C. Rule 15- Amended and Supplemental Pleadings

Debtor seeks relief under Rule 15(c)(1)(C)

**Rule 15. Amended and Supplemental Pleadings**

**(c) Relation Back of Amendments.**

> (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> **(i) received such notice of the action that it will not be prejudiced in defending on the merits; and**
>>>
>>> In this case, Creditor is free to amend object or take whatever necessary steps needed to defend against the action without objection of Debtor. Again, due process for both sides is what justice is about.

> **(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**
>
> In this case as argued above, debtor sent the notices to its subsidiary with whom both share information.

The court in IN RE ENRON CORP. 328 B.R. 75 (2005) stated:

"Bankruptcy Rule 7015 provides that "Rule 15 . . . applies in adversary proceedings." Although "`the filing of an objection to a proof of claim is a contested matter,' [and] not an adversary proceeding[,] . . . Bankruptcy Rule 9014 permits a [bankruptcy] court, at its discretion, to extend Rule 7015 to contested matters as well as adversary proceedings." In re Stavriotis, 977 F.2d 1202, 1204 (7th Cir.1992) (citations omitted). In particular, Bankruptcy Rule 9014(c) states that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII [which includes Bankruptcy Rule 7015] shall apply" and, further, the Advisory Committee Note to the rule provides that "[w]hen the rules of Part VII are applicable to a contested matter, reference in the Part VII rules to adversary proceedings is to be read as a reference to a contested matter." "Part VII of the [B]ankruptcy [R]ules is `based on the premise that to the extent possible practice before the bankruptcy courts and the district court[s] should be the same.'" Stavriotis, 977 F.2d at 1204 (quoting Advisory Committee Note to Bankruptcy Rule 7001). Accordingly, the Court exercises its discretion under Bankruptcy Rule 9014(c) in applying by analogy the standards of subsections (c)(2) of Rule 15 to determine whether OPL's Gas Claims relate back to its original Claims against the Debtors."

### D. 11 U.S. Code § 1329 - Modification of plan after confirmation

Debtor seeks to modify the name of the party in claim 10 and or provide for Citibank N.A. and therefore needs to modify his plan post confirmation.

**WHEREFORE**, Debtor asks that his motions be granted.

Date: 2/7/18

/s *Franklin A. Bennett III*          .
Franklin A. Bennett III (201739)
Attorney for Debtor
BENNETT & ASSOCIATES, LLC
4700-12 Castor Avenue
Philadelphia, PA 19124
215-744-5550 (o)

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the attached and supporting documents were served by Electronic Medium as applicable and provide for by local court rule on all the parties of interest on the date listed below:

      Further, I served **Citibank, N.A., as trustee for the Wachovia Loan Trust, 2005-SD1 Asset-Backed Certificates, Series 2005-SD1 via regular mail care of (c/o) the following:**

c/o WELLS FARGO BANK N A
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715

c/o Robert P. Wendt, Esq.
Phelan Hallinan, Diamond & Jones, LLP
Omni William Penn Office Tower
555 Grant Street, Suite 300
Pittsburgh, PA 15219
robert.wendt@phelanhallinan.com
T: 412-745-0600 Ext. 37382
F: 412-745-0601

c/o Jerome B. Blank, Esquire
Senior Bankruptcy Associate
Phelan Hallinan Diamond & Jones, LLP
One Penn Center at Suburban Station
1617 JFK Blvd, Suite 1400
Philadelphia, PA 19103
(215) 563-7000 Ext 31625
(215) 568-7616 (fax)
jerome.blank@phelanhallinan.com

c/o Milstead & Associates, LLC
220 Lake Drive East, Ste 301
Cherry Hill, NJ 08002

Dated: 2/7/18                BY:      /s Franklin A. Bennett III
                                                 Franklin A. Bennett III, Esquire (201739)
                                                 Attorney for the Debtor
                                                 BENNETT & ASSOCIATES, LLC
                                                 4700-12 Castor Avenue
                                                 Philadelphia, Pennsylvania 19124
                                                 (215) 744-5550 (o)